**Marion Neal NARANJO, Appellant,**

**v.**

**J. Neal NARANJO, Independent Executor of the Estate of Mary E. Neal Naranjo, Deceased, Appellee.**

**No. 09–90–152 CV.**

Court of Appeals of Texas,
Beaumont.

Aug. 30, 1991.

Rehearing Denied Sept. 19, 1991.

Publication Ordered Sept. 20, 1991.

Patrick Shaw, Woodward & Shaw, Dallas, for appellant.

Samuel D. Griffin, Jr., Zeleskey, Cornelius, Rogers, Hallmark & Borgfeld, Lufkin, for appellee.

Before WALKER, C.J., and BROOKSHIRE and BURGESS, JJ.

## OPINION

BROOKSHIRE, Justice.

This appeal lies from a judgment signed on July 6, 1990, by Judge Joseph E. Martin, III, as presiding judge of the County Court at Law of Angelina County. The cause of action was styled and numbered below as Cause No. 2621, J. Neal Naranjo, Independent Executor of the Estate of Mary E. Neal Naranjo, Deceased, as plaintiff, and Marion Neal Naranjo as defendant. The trial was to the bench.

The Independent Executor prevailed below. The Executor obtained a judgment against the appellant. The judgment set aside as void and of no effect a warranty deed bearing date March 5, 1963 from Mary E. Neal Naranjo and her husband, Julio Naranjo. Mary and Julio were the deceased parents of the appellant. The deed was from the then-living parents to the appellant, Marion Neal Naranjo. The deed was recorded in Volume 304, Page 12, of the Deed Records of Webb County, Texas. This warranty deed from the Grantors to the appellant reserved to each Grantor the full possession, benefit and use of the premises and improvements thereon for and during the natural life of each Grantor therein. The trial judge, upon request, filed certain findings of fact and conclusions of law.

At the threshold, we are constrained to point out that Julio Naranjo has been deceased for a number of years. The only plaintiff in the case is the Independent Executor of the Estate of Mary E. Neal Naranjo; hence, Julio's one-half interest has not been put into issue by the pleadings or the litigation below. Obviously, then, the litigation below was and is concerned with only the one-half interest owned by Mary E. Neal Naranjo prior to her demise. She had, of course, the right to live on the premises.

The judgment ordered, adjudged and decreed that the deed dated March 5, 1963, executed by Mary E. Neal Naranjo and Julio Naranjo, to Marion Neal Naranjo, and being the same deed recorded in Volume 304, Page 12, of the Deed Records of Webb County, Texas, be set aside and declared null and of no effect. However, from the live trial petition of J. Neal Naranjo as Independent Executor of the Estate of Mary E. Neal Naranjo, Deceased, it is clear that only the interest of Mary E. Neal Naranjo was correctly and properly and legally placed into issue. The tract of land was described in the pleadings as "Lot No. (4) in Block No. (252), of the Western Division of the City of Laredo, Webb County, Texas." Attached to the plaintiff's pleading was a copy of the deed clearly demonstrating that Julio Naranjo had conveyed his interest in the said lot and premises as fully described in the deed to Marion Neal Naranjo, his son. Julio also provided for a general warranty to be included in the deed to Marion Neal Naranjo.

There is no properly supported finding of fact nor a conclusion of law that sets aside the crucial deed of March 5, 1963, insofar as the one-half interest of Julio Naranjo is concerned. In fact, there is a finding of

fact that Mary E. Neal Naranjo and Julio Naranjo conveyed the tract of land in question and the improvements thereon to the respondent, Marion Neal Naranjo, by a deed that was duly recorded. Under this record no executor or administrator or representative of the Estate of Julio Naranjo, Deceased, has ever been qualified to act as such according to law. In this litigation, J. Neal Naranjo acts solely as the Independent Executor of the Estate of Mary E. Neal Naranjo, Deceased. This Independent Executor does not act and cannot act in any capacity for the interests of Julio.

Under this record we determine that the trial court erred in attempting to set aside the deed from Julio (as to Julio's interest) to the appellant for the basic reason that as between Julio Naranjo and the appellant, Marion Neal Naranjo, the said deed vested a one-half interest into the appellant Marion Neal Naranjo, in 1972, being the date of the death of Julio. This one-half interest was subject only to Mary's interest. The trial court was simply without jurisdiction to set aside the deed from Julio, dealing with Julio's interest, for the basic reason that neither Julio Naranjo nor his estate nor any representative of his estate, was a party to the litigation. We also perceive and decide that any cause of action that belongs to Julio or to Julio's estate is and has been, as a matter of law, barred by the proper statute of limitations. Simply put, neither Julio Naranjo nor his estate nor any representative of his estate was a party to this cause of action. See and compare *Veal v. Thomason,* 138 Tex. 341, 159 S.W.2d 472 (1942). Julio died in the autumn of 1972 and his undivided one-half interest deeded to the appellant herein vested in the appellant subject only to the remaining homestead occupancy rights of Mary E. Neal Naranjo. Of course, this same undivided one-half interest of Julio in the said property remained subject to the life estate of Mary E. Neal Naranjo, according to the very language of the deed.

We hold that Julio Naranjo's estate was a necessary and, indeed, an indispensable party to the suit to set aside the deed from Julio to Marion Neal. Also, under the undisputed facts in this record, we conclude that even if the estate of Julio had been a party to this suit, any inchoate or pleaded cause of action in the estate of Julio, deceased, was barred.

■ However, we conclude that the findings of fact and the conclusions of law as they dealt with the interests of the Estate of Mary E. Neal Naranjo, Deceased, were concerned (but only as to Mary's interest and not further) were correct and proper and were supported and sustained by pleadings and also by the evidence and testimony in the case. The evidence and testimony, we hold, was of ample and sufficient probative value and force to support and make valid the said findings of fact and the conclusions of law signed on August 14, 1990, by Judge Joe Martin, judge presiding, as to Mary's interest only. Hence, we conclude that the deed in question as to the one-half interest of Mary E. Neal Naranjo, Deceased, but only as to her one-half interest, was properly and correctly set aside and declared void and of no effect, said deed being recorded in Volume 304, Page 12, of the Deed Records of Webb County, Texas. We note, however, without criticism, that Finding of Fact No. 2 is erroneous as to the volume and page of the recordation.

AFFIRMED IN PART; REVERSED IN PART, and after the partial reversal, RENDERED.